IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

NAUTILUS INSURANCE COMPANY,

        Plaintiff,

        v.

BIG CHIG, INC.; BIG CHIG TRUCKING,
also known as BIG CHIG TRUCKING
COMPANY; J & H TRUCKING;
BLUESTONE COAL CORPORATION;
LOGAN & KANAWHA COAL CO., INC.;
RONNIE JOE LUSK; KAT TRUCKING
COMPANY; CHARLIE SANDERS;
LORETTA BAILEY, individually and as
personal representative of the ESTATE
OF SHAWN KEITH BAILEY, deceased,

        Defendants.

```
                    FILED

                 JUN 2 5 2004

          TERESA L. DEPPNER, CLERK
        U.S. District & Bankruptcy Courts
        Southern District of West Virginia
```

CA  5:04-0655

## COMPLAINT FOR DECLARATORY JUDGMENT

        AND NOW, comes the plaintiff, Nautilus Insurance Company, by its
counsel, Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C., and hereby brings this
action seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202,
Fed.R.Civ.P. 57 and W.Va. Code § 55-13-1, et seq., averring, in support thereof, as
follows:

1. The plaintiff is Nautilus Insurance Company, an excess and surplus lines insurer doing business in the State of West Virginia. It is an Arizona corporation having its principal place of business in Arizona. It is a citizen of Arizona.

2. Big Chig, Inc. is a defendant. It is a West Virginia corporation, with a principal place of business in Oceana, Wyoming County, West Virginia. It is a citizen of West Virginia.

3. Big Chig Trucking, also known as Big Chig Trucking Company, is a defendant. It is a West Virginia corporation or other business entity having its principal place of business in Oceana, Wyoming County, West Virginia. It is a citizen of West Virginia.

4. J & H Trucking is a defendant. It is a West Virginia corporation or other business entity having its principal place of business in Oceana, Wyoming County, West Virginia. It is a citizen of West Virginia.

5. Bluestone Coal Corporation is a defendant. It is a West Virginia corporation having its principal place of business in Beckley, Raleigh County, West Virginia. It is a citizen of West Virginia.

- 2 -

6.  Logan & Kanawha Coal Co., Inc. is a West Virginia corporation, having its principal place of business in South Charleston, Kanawha County, West Virginia. It is a citizen of West Virginia.

7.  Ronnie Joe Lusk is a defendant. He is an adult individual having a last known address of Box 126, Oceana, Wyoming County, West Virginia. He is a citizen of West Virginia.

8.  KAT Trucking Company is a defendant. It is a West Virginia corporation having its principal place of business in or about Wyoming County, West Virginia. It is a citizen of West Virginia.

9.  Charles Sanders is a defendant. He is an adult individual having a last known address of P.O. Box 104, Sabine, (Wyoming County) West Virginia. He is a citizen of West Virginia.

10.  Loretta Bailey is a defendant in her individual and representative capacities. She is an adult individual having a last known address of P.O. Box 20, Sabine (Wyoming County), West Virginia 25916. She was duly appointed as the personal representative of the Estate of Shawn Keith Bailey, deceased. She is a citizen of West Virginia.

11. This Honorable Court has jurisdiction under 28 U.S.C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. This Honorable Court has jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed.R.Civ.P. 57. See also W.Va. Code § 55-13-1, et seq.

13. Venue exists in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District and all of the defendants were subject to personal jurisdiction within this District at the time this action was commenced.

14. Nautilus Insurance Company issued policy number NC164683 (hereinafter the Nautilus policy) to Big Chig, Inc., Big Chig Trucking and J & H Trucking. The policy afforded commercial general liability coverage including the products and completed operations hazard. The policy period was from November 30, 2001 until November 30, 2002. Attached hereto and incorporated herein by reference as Exhibit A is a true and correct copy of the Nautilus policy.

15. Subject to the terms, conditions, limitations, exclusions and other provisions of the Nautilus policy, Nautilus provides coverage for certain bodily injuries arising from the operations of Big Chig, Inc., Big Chig Trucking and J & H Trucking.

16. Charlie Sanders and Loretta Bailey commenced an action in the Circuit Court of Wyoming County, West Virginia, at Civil Action No. 03-C-100 (hereinafter the underlying action) to recover damages as a result of a motor vehicle accident which occurred on April 15, 2002 when an allegedly overweight coal truck overturned, crushing an on-coming vehicle operated by the late Shawn Keith Bailey and occupied by Charlie Sanders. A true and correct copy of the complaint filed in the underlying action (hereinafter the underlying complaint) is attached hereto and incorporated herein by reference as Exhibit B.

17. Big Chig, Inc. and Big Chig Trucking Company tendered the defense of the underlying action to Nautilus which undertook representation pursuant to reservation of rights letters which are attached hereto and incorporated herein by reference collectively as Exhibit C.

18. Claiming to be an additional insured under the Nautilus policy, Bluestone Coal Corporation tendered its defense to Nautilus which undertook the defense pursuant to a reservation of rights letter which is attached hereto and incorporated herein by reference as Exhibit D.

- 5 -

## COUNT ONE

## (NO COVERAGE FOR INTENTIONAL ACTS)

19.  Nautilus incorporates herein by reference the allegations contained in paragraphs 1 through 18 of this pleading, as if same were set forth herein at length.

20.  To the extent that the underlying complaint alleges any intentional acts, the Nautilus policy affords no coverage to Bluestone Coal Corporation, Big Chig, Inc. and Big Chig Trucking Co. because of the expected or intended injury exclusion contained in the Nautilus policy.

21.  Further, to the extent that the underlying complaint alleges any intentional acts, the Nautilus policy affords no coverage to Bluestone Coal Corporation, Big Chig, Inc. and Big Chig Trucking Co. due to the lack of a covered occurrence.  To be covered under the Nautilus policy, any bodily injury must be caused by an occurrence which is defined in the Nautilus policy as an accident.

WHEREFORE, Nautilus Insurance Company respectfully requests this Honorable Court to enter a declaratory judgment establishing that it has no duty to defend and no duty to indemnify Bluestone Coal Corporation, Big Chig, Inc. and Big Chig Trucking Company in connection with Civil Action No. 03-C-100 now pending in the Circuit Court of Wyoming County, West Virginia.  Further, Nautilus Insurance

Company respectfully requests an award of its attorneys' fees, court costs and such other relief as the court deems just and proper.

## COUNT TWO

## (CONTRACTUAL LIABILITY EXCLUSION)

22. Nautilus incorporates herein by reference the allegations contained in paragraphs 1 through 21 of this pleading, as if same were set forth herein at length.

23. The Nautilus policy affords no bodily injury liability coverage to Bluestone Coal Corporation, Big Chig, Inc. and Big Chig Trucking Company for the underlying action because the contractual liability exclusion contained in the Nautilus policy negates coverage for damages which an insured is obliged to pay by reason of the assumption of liability in a contract or agreement.

24. Although the contractual liability exclusion of the Nautilus policy contains an exception for an insured contract (as that term is defined in the Nautilus policy), Nautilus believes and, therefore, avers that there was no insured contract in force between Bluestone Coal Corporation and Big Chig, Inc. and/or Big Chig Trucking at the time of the accident described in the underlying action.

25. Even if it is shown that an insured contract existed between Bluestone Coal Corporation and Big Chig, Inc. and/or Big Chig Trucking at the time of the accident described in the underlying complaint, the contractual liability limitation endorsement contained in the Nautilus policy negates coverage for any part of any contract or agreement that indemnifies any person or organization for bodily injury arising from an occurrence caused by the sole negligence of said person or organization. Thus, in the event that sole liability is imposed upon Bluestone Coal Corporation in the underlying action, Nautilus Insurance Company would have no obligation to afford coverage to it by virtue of the contractual liability limitation endorsement.

WHEREFORE, Nautilus Insurance Company respectfully requests this Honorable Court to enter a declaratory judgment establishing that it has no duty to defend and no duty to indemnify Bluestone Coal Corporation, Big Chig, Inc. and Big Chig Trucking Company in connection with Civil Action No. 03-C-100 now pending in the Circuit Court of Wyoming County, West Virginia. Further, Nautilus Insurance Company respectfully requests an award of its attorneys' fees, court costs and such other relief as the court deems just and proper.

## COUNT THREE

## (PUNITIVE DAMAGE EXCLUSION)

26.  Nautilus incorporates herein by reference the allegations contained in paragraphs 1 through 25 of this pleading, as if same were set forth herein at length.

27.  Because of the exclusion of punitive or exemplary damages contained in the Nautilus policy, there is no obligation to afford coverage for any such damages which may be imposed upon Bluestone Coal Corporation, Big Chig, Inc. and Big Chig Trucking Company in the underlying action.

WHEREFORE, Nautilus Insurance Company respectfully requests this Honorable Court to enter a declaratory judgment establishing that it has no duty to defend and no duty to indemnify Bluestone Coal Corporation, Big Chig, Inc. and Big Chig Trucking Company in connection with the punitive damage claims in Civil Action No. 03-C-100 now pending in the Circuit Court of Wyoming County, West Virginia. Further, Nautilus Insurance Company respectfully requests an award of its attorneys' fees, court costs and such other relief as the court deems just and proper.

## COUNT FOUR

### (INDEPENDENT CONTRACTORS EXCLUSION)

28. Nautilus incorporates herein by reference the allegations contained in paragraphs 1 through 27 of this pleading, as if same were set forth herein at length.

29. The Nautilus policy contains an exclusion of all bodily injury arising out of operations performed for an insured by independent contractors or an insured's acts or omissions in connection with its general supervision of such operations.

30. The accident described in the underlying complaint arose out of operations performed for Bluestone Coal Corporation and/or Big Chig, Inc. and/or Big Chig Trucking Company by KAT Trucking Company, an independent contractor. In the alternative, the accident described in the underlying complaint arose out of acts of Bluestone Coal Corporation and/or Big Chig, Inc. and/or Big Chig Trucking Company in connection with the general supervision of such operations.

31. In the alternative, the accident described in the underlying complaint arose out of operations performed for Bluestone Coal Corporation by Big Chig, Inc. and/or Big Chig Trucking Company, an independent contractor. Further, in the alternative, the accident described in the underlying complaint arose out of acts of

- 10 -

Bluestone Coal Corporation in connection with the general supervision of such operations.

WHEREFORE, Nautilus Insurance Company respectfully requests this Honorable Court to enter a declaratory judgment establishing that it has no duty to defend and no duty to indemnify Bluestone Coal Corporation, Big Chig, Inc. and Big Chig Trucking Company in connection with Civil Action No. 03-C-100 now pending in the Circuit Court of Wyoming County, West Virginia. Further, Nautilus Insurance Company respectfully requests an award of its attorneys' fees, court costs and such other relief as the court deems just and proper.

## COUNT FIVE
### (NO COVERAGE FOR JOINT VENTURE)

33. Nautilus incorporates herein by reference the allegations contained in paragraphs 1 through 32 of this pleading, as if same were set forth herein at length.

34. The underlying complaint alleges the existence of a joint venture between and among Bluestone Coal Corporation, Big Chig, Inc., Big Chig Trucking and others.

35. The Nautilus policy provides that no person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a named insured in the declarations.

36. The joint venture alleged in the underlying complaint is not shown as a named insured in the declarations.

WHEREFORE, Nautilus Insurance Company respectfully requests this Honorable Court to enter a declaratory judgment establishing that it has no duty to defend and no duty to indemnify Bluestone Coal Corporation, Big Chig, Inc. and Big Chig Trucking Company in connection with Civil Action No. 03-C-100 now pending in the Circuit Court of Wyoming County, West Virginia. Further, Nautilus Insurance Company respectfully requests an award of its attorneys' fees, court costs and such other relief as the court deems just and proper.

## COUNT SIX

### (NO COVERAGE FOR BLUESTONE COAL CORPORATION)

37. Nautilus incorporates herein by reference the allegations contained in paragraphs 1 through 36 of this pleading, as if same were set forth herein at length.

38. The Nautilus policy affords no coverage to Bluestone Coal Corporation because it is not a named insured under that policy, nor is it an insured under the policy, nor is it an additional insured under the policy.

39. Even if the additional insured endorsement running in favor of Bluestone Coal Service Corp. were construed to apply to Bluestone Coal Corporation, the Nautilus policy affords no coverage to Bluestone Coal Corporation because coverage is provided under that endorsement to an additional insured only with respect to liability arising out of ongoing operations performed for that insured by Big Chig, Inc. and/or Big Chig Trucking Co.

40. The accident described in the underlying complaint did not arise out of any ongoing operations performed for Bluestone Coal Corporation by Big Chig, Inc. and/or Big Chig Trucking Company. Rather, that accident arose out of operations performed by KAT Trucking Company.

WHEREFORE, Nautilus Insurance Company respectfully requests this Honorable Court to enter a declaratory judgment establishing that it has no duty to defend and no duty to indemnify Bluestone Coal Corporation, Big Chig, Inc. and Big Chig Trucking Company in connection with Civil Action No. 03-C-100 now pending in the Circuit Court of Wyoming County, West Virginia. Further, Nautilus Insurance

- 13 -

Company respectfully requests an award of its attorneys' fees, court costs and such other relief as the court deems just and proper.

## COUNT SEVEN

### (MISREPRESENTATION IN APPLICATION)

41. Nautilus incorporates herein by reference the allegations contained in paragraphs 1 through 40 of this pleading, as if same were set forth herein at length.

42. In the application for the Nautilus policy, the applicant (Big Chig, Inc., Big Chig Trucking and J & H Trucking) answered the following question in the negative: "HAS APPLICANT BEEN ACTIVE IN OR IS CURRENTLY ACTIVE IN JOINT VENTURES?"

43. In the application for the Nautilus policy, the applicant (Big Chig, Inc., Big Chig Trucking and J & H Trucking) answered the following question in the negative: "ARE SUB-CONTRACTORS USED? (IF YES, GIVE % OF WORK SUBCONTRACTED)."

44. Nautilus believes and, therefore, avers that the negative answers to the foregoing questions contained in the application for insurance were false when made and that the applicant knowingly falsified responses to those questions in order to obtain coverage from Nautilus that it would not have provided if truthful answers had

- 14 -

been given or, in the alternative, to obtain coverage from Nautilus at more favorable rates than would have been charged had truthful answers been given. Further, Nautilus believes and, therefore, avers that the negative responses to the foregoing questions were made with an intent to deceive it and that they relate to material facts affecting the policy.

45. Recovery should not be allowed under the Nautilus policy because the misrepresentations, omissions, concealments of facts and incorrect statements were fraudulent or were material to the acceptance of the risk or to the hazard assumed by Natilus or Nautilus, in good faith, either would not have issued the policy or it would not have issued a policy in that large an amount or it would not have provided coverage with respect to the hazards resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.

WHEREFORE, Nautilus Insurance Company respectfully requests this Honorable Court to enter a declaratory judgment establishing that it has no duty to defend and no duty to indemnify Bluestone Coal Corporation, Big Chig, Inc. and Big Chig Trucking Company in connection with Civil Action No. 03-C-100 now pending in the Circuit Court of Wyoming County, West Virginia. Further, Nautilus Insurance

Company respectfully requests an award of its attorneys' fees, court costs and such other relief as the court deems just and proper.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C.

By: _____
LOUIS C. LONG, ESQUIRE
W.V. I.D. No. 5633

U. S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA  15219

Counsel for Plaintiff,
NAUTILUS INSURANCE
COMPANY

- 16 -