```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BECKLEY
```

**NAUTILUS INSURANCE COMPANY,**

    **Plaintiff,**

v.                                        Civil Action No: 5:04-0655

**BIG CHIG, INC.,
J & H TRUCKING,
BLUESTONE COAL CORPORATION,
LOGAN & KANAWHA COAL CO., INC.,
RONNIE JOE LUSK,
KAT TRUCKING COMPANY,
CHARLIE SANDERS,
LORETTA BAILEY,**

    **Defendants,**

**JIM LIVELY INSURANCE, INC.,**

    **Defendant/Third Party Plaintiff,**

v.

**BLOSS & DILLARD,**

    **Third Party Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are (1) Nautilus Insurance Company's ("Nautilus") motion for entry of default judgment (Doc. No. 69), (2) Nautilus' motion to withdraw its motion for entry of default judgment (Doc. No. 79), (3) Nautilus' motion to voluntarily dismiss Jim Lively Insurance, Inc. ("Jim Lively") (Doc. No. 102).

Having reviewed the record and applicable law and for the reasons outlined below:

(1) The court **DENIES AS MOOT** Nautilus' motion for entry of default judgment (Doc. No. 69);

(2) The court **DENIES AS MOOT** Nautilus' motion to withdraw its motion for entry of default judgment (Doc. No. 79);

(3) Nautilus' motion to voluntarily dismiss Jim Lively is characterized as a motion to dismiss Nautilus' claims against Jim Lively.  As such, the motion is **GRANTED** and Nautilus' claims against Jim Lively as stated in Counts 10, 11, 12, and 13 of the Amended Complaint are dismissed.

## I.  Factual Allegations

This case arises out of a fatal crash between a coal hauling truck and a pickup truck.  (Doc. No. 56-1 ¶ 17.)  Allegedly, on April 15, 2002, Ronnie Lusk, an employee of KAT Trucking ("KAT"), lost control of a coal truck which tipped over and fell on a pickup truck occupied by Shawn Bailey and Charlie Sanders.  (Doc. No. 56-3 Ex. B ¶¶ 18-19.)  As a result, Bailey was killed, and Sanders was paralyzed.  (Id. Ex. B ¶¶ 23-24.)

After the accident, Charlie Sanders and Loretta Bailey, as personal representative of Shawn Bailey's estate, filed a complaint ("Sanders Complaint") for negligence against Bluestone Coal Corporation ("Bluestone"), Big Chig, Inc. ("Big Chig"), Logan & Kanawha Coal Co., Inc., and Ronnie Joe Lusk in the

Circuit Court of Wyoming County. (Doc. No. 56-3 Ex. B.) The Saunders Complaint alleges that Bluestone entered a coal hauling contract with Big Chig, which in turn, contracted some hauling to KAT. (Id. ¶¶ 8 & 13.) Essentially, the Sanders Complaint alleges that Bluestone, Big Chig, and KAT are jointly liable for negligence in the crash because they acted as joint venturers. (Id. ¶¶ 25, 29, 32, 38.) Sanders and Bailey allege that all three are liable because KAT's truck was negligently overloaded by Bluestone employees and negligently driven by KAT's driver, Ronnie Lusk. (Id. ¶¶ 11 & 15.)

On June 25, 2004, Nautilus filed a complaint for a declaration establishing coverage regarding Big Chig's commercial general liability insurance policy ("Policy") with Nautilus. (Doc. No. 1.) On May 2, 2005, Nautilus filed an Amended Complaint adding Jim Lively as a defendant. (Doc. No. 56-1.) On June 20, 2005, Nautilus moved for entry of default against Jim Lively. (Doc. No. 69.) Jim Lively filed an answer to the Amended Complaint and asserted a counterclaim against Nautilus for indemnity and contribution on July 20, 2005. (Doc. No. 75.) Thereafter, Nautilus moved to withdraw its motion for entry of default judgment. (Doc. No. 79.) Meanwhile, Bluestone filed a cross-claim against Jim Lively for a declaratory judgment that Jim Lively insures Bluestone for Sanders and Bailey's claims.

3

(Doc. No. 67.)  On January 25, 2006 Nautilus moved to voluntarily dismiss its claims against Jim Lively.  (Doc. No. 102.)

## II.  Discussion

Federal Rule of Civil Procedure 41(a)(2) requires a court to review a motion by a plaintiff to dismiss a defendant if the action has proceeded beyond service of an answer or of a motion for summary judgment, and there is not unanimous agreement among all parties supporting the dismissal.  When considering a motion to voluntarily dismiss, the important consideration is prejudice to the opposing party in light of the valid interests of the parties.  County of Santa Fe v. Pub. Serv. Co., 311 F.3d 1031, 1047 (10th Cir. 2002).

Here, Jim Lively has filed a counterclaim against Nautilus for indemnity and contribution for liability it may incur as the result of Nautilus' Amended Complaint or cross-claims.  (Doc. No. 91.)  Bluestone filed a cross-claim against Jim Lively alleging that Jim Lively insureds Bluestone and Big Chig.  (Doc. No. 67.)  Because of Jim Lively's counterclaim against Nautilus and Bluestone's cross-claim against Jim Lively, the court believes Jim Lively and Bluestone would be prejudiced by dismissing Jim Lively altogether.  Moreover, Jim Lively's counterclaim and Bluestone's cross-claim are interrelated with Nautilus' claims and cannot be independently adjudicated.

Therefore, in the interest of judicial economy, the court treats Nautilus' motion as one to dismiss Nautilus' claims against Jim Lively, which are found in Counts 10, 11, 12, and 13 of the Amended Complaint (Doc. No. 56-1). The court hereby orders that Nautilus' claims against Jim Lively as stated in Counts 10, 11, 12, and 13 of the Amended Complaint be dismissed. All other claims, counterclaims, and cross-claims remain pending in this case.

### III. Conclusion

For the reasons outlined above, Nautilus' claims stated in Counts 10, 11, 12, and 13 of the Amended Complaint are dismissed. The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 28th day of March, 2006.

ENTER:

David A. Faber
Chief Judge

5